23-2455, Robert Olson v. Randstad HR Solutions of Delaware et al. We're going to begin with oral argument, Mr. Olson, from you. May it please the Court. The Eastern District Court dismissed Pellant's claim, finding that it was speculative and implausible. The District Court denied Pellant's leave to amend this complaint. The central issue on this appeal is whether Pellant's discrimination claims are plausible based on the alleged facts in the complaint. The case the District Courts and appellees rely on is persuasive precedent to which this Court is not bound. Moreover, those cases involved disparate claims that did not involve age discrimination, sexual discrimination, or disability discrimination. The controlling precedent in this case is Swanson v. Citibank that was decided by this Court. In that case, Pellant Swanson alleged racial discrimination because Citibank did not grant her a home loan as she alleged it intentionally undervalued her home. Her claim was dismissed by the District Court under Rule 12b-6 as not being plausible. On appeal, this Court reversed and found that Pellant satisfied the plausibility requirement for stating a racial discrimination claim. Compared to Swanson v. Citibank, Pellant in this case made extensive allegations with much greater detail. As this Court knows, plausibility has a low threshold for pleading. Plausibility must not be confused with probability. Probability in the law requires a determination of credibility, a determination of how something is, a finding of fact. Swanson v. Citibank makes it clear that a plausibility standard is not akin to a probability requirement. Plausibility in this context does not apply that the District Court should decide whose version to believe or which version is more likely. This Court in Swanson v. Citibank also went to extent to provide an example, being a plaintiff who believes that he or she has been passed over for promotion because of her sex will be able to plead that she was employed by Company X, that the promotion was offered, that she applied and was qualified for it, and the job went to someone else. That, according to this Court, is an entirely plausible scenario, whether or not it describes really what went on in the plaintiff's case. Stated succinctly, a discrimination claim is plausible if it's possible based on the alleged facts. If the alleged facts make a claim even 1 in 292 million possible, like winning the Powerball lottery, the claim is plausible because it's possible. The District Court should not have, and should not, besides the odds of a claim. Appellant applied to West Bend Mutual 14 times since 2019 for positions he was qualified for. He was also submitted to West Bend Mutual approximately 10 times by employment agencies over the same period. Appellant was never interviewed by West Bend Mutual Insurance Company or shown any interest. Those facts alone make a discrimination claim against West Bend Mutual plausible under Swanson v. Citibank. Appellee Randstad reviewed Appellant's resume and stated in writing that Appellant was a good fit for the position. Randstad also stated in writing that its account manager for West Bend Mutual had an excellent relationship with West Bend Mutual and knew how to make things happen in order to get a person employed. After Appellant disclosed his personal information to Randstad, Randstad refused to submit Appellant to West Bend Mutual for consideration for employment, despite doing so only requiring a click of a mouse button to send his resume. Randstad admitted that Appellant was qualified for the position, but then did a about-face when it learned Appellant's personal information. It's certainly plausible, according to Swanson, because it is possible that both Randstad and West Bend Mutual discriminated against Appellant. Mr. Olson, I'd like to pose a question with regard to the EEOC stage. Specifically, was the complaint sent to the EEOC? Is it in the record? Is it a document that's very similar to what the original state court complaint was? It's different. So procedurally, the lawsuit was filed, and then the EEOC was notified, but rather than file a written complaint that would typically be done, they were provided a copy with the legal complaint. It laid out all the allegations. They reviewed that and then said, oh, just give us a sentence or two and send us stating that you've been discriminated against, and that's all they required. So the attachment to the EEOC complaint, was that identical to or somewhat different than what ultimately got filed in the state court? Based upon my recollection, it's identical. Do you know if that EEOC complaint attachment is in the record? Yes, it should. I'm not certain, Your Honor. The complaint certainly is, but not necessarily. I don't think the EEOC, which was just one or two sentences, is in the record. You may continue. Thank you. Just one more one. So I'll finish up here. Discrimination occurs. That's a fact. Discrimination by corporations does not occur out in the open, in your face, stated in writing, put in company policies. Discrimination is secretive to avoid liability. So appellant respectfully requests that this course reverse and remand the Eastern District Court of Wisconsin's decision. Thank you, Mr. Olson. The remainder of your time will be reserved for rebuttal. And we'll next move Mr. Cohen to you. Thank you, Your Honor. May it please the court. Mr. Olson has the standards wrong. The standard is not some sheer possibility. Iqbal and Twombly made clear, as this court has done on numerous occasions since then, what the actual standards are. And those standards decide this case as applied to the four corners of the complaint. To avoid dismissal, Mr. Olson's complaint was required to contain allegations that state a claim to relief that is plausible on its face. Not possible, not some sheer possibility. In fact, in Iqbal and Twombly, the court said the plausibility standard is not akin to probability requirement, but it asks more than sheer possibility. And that's basically what he just argued to the court. That's not the standard. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct that are alleged. And Judge Adelman looked at the 27 pages of the plaintiff's complaint. He's a lawyer, which detailed his investigation into these claims and applied the correct Twombly and Iqbal standards. The court correctly recognized that although well-pled facts are taken as true, the court doesn't have to take into consideration legal conclusions or conclusory allegations, nor does it have to take into consideration allegations made on information and belief. And when you look at the complaint, most of the complaint is based on allegations of information and belief. Mr. Cohen, often in these cases that get removed, when there is supplementary jurisdiction over state law claims, we see the district court remand the remainder of those claims back to the state court. Here, Judge Adelman went ahead and addressed those. Did he go too far? No, he wanted to clear up the record. He didn't see any need for the litigation to continue. I do want to correct Mr. Olson's beginning statement. He said that the district court denied his leave to amend. He didn't ask for leave to amend. Yes, Judge Adelman made a decision sui sponte not to allow him to amend, but he never made a motion to amend his complaint, never argued that at any time whatsoever. And this court has already determined that a trial court cannot, that the district court does not abuse its discretion in granting leave when leave was never requested. So Judge Adelman cleaned up business by taking care of the state law claims so that there was nothing left to be addressed. Moving on, once you strip out all of the allegations that are based on information belief, all of the allegations that are conclusory in nature, there is nothing here. Mr. Cohen, we have plenty of case law post-Iqbal and Twombly that explains that the pleading standard is not that high in discrimination cases. The quote from Swanson that we heard this morning, those were accurate. We need only look, as an example, just a few years ago, our Freeman case. It was about race, not age. It all holds true. Where we explained the plaintiff in that case need only allege at the pleading stage that he was fired because of his race. So I find that to be an accurate statement of our law post-Iqbal and Twombly, and I'm trying to understand what more allegations are you looking for in a complaint about age discrimination other than the fact that the type of discrimination, age discrimination, by who, here, Randstad and WBMI, and when, during a job application proceeding. What other facts are you supposing need have been in the complaint? Thank you, Your Honor. This case is more like the other Swanson case. Same plaintiff against PNC that this court had handled. Here you had asked about the age discrimination claim. There's not even an allegation that either Randstad or WBMI knew of his age. The entire allegation is based on an argument that his age could be inferred from his resume. Well, with respect to WBMI, that's easy, because he expressly alleges that WBMI never got his resume, so they couldn't possibly infer his age because they didn't receive it. He expressly alleges that in his complaint. With respect to Randstad, his argument that his age could be inferred, there are no well-pled facts, just like in the Swanson v. PNC bank case, to imply that that's actually what Randstad did. And what's more, that even if they had done that, there's no allegation, no well-pled facts that they had a discriminatory animus. Everything's on information and belief, which doesn't have to be taken as true. So if they didn't harbor a discriminatory animus and they didn't take an adverse action based on that discriminatory animus, neither of which is in the complaint based on well-pled facts, it does not state a claim. It's no different than PNC Swanson v. PNC bank. There, the court said, well, the argument was you could infer her race. Same plaintiff. You could infer her race from her zip code. And the court said, but there's no well-pled fact that they actually did do that, that they did calculate or figure out her race based on her zip code. Same here. There's no well-pled fact that Randstad calculated what his age was or that they harbored a discriminatory animus against those who are over 40 years old or they took action on that basis. There is nothing in the complaint to suggest that other than upon information and belief, which does not have to be taken as true. And the same is true with respect to the sexual orientation and the diabetes allegations. If you look at the complaint, there's no allegation that either Randstad or West Bend Mutual knew either his sexual preference or the fact that he had diabetes. Again, he's arguing inference with respect to sexual orientation, but there's no well-pled facts that Randstad made the assumption that because Mr. Olson lives with his mother and his brother and takes care of his elderly mother that they inferred that he was gay. I mean, that's preposterous. That's not a well-pled fact, and it's based on information and belief. So there's no well-pled facts that they assumed he was homosexual, that they shared that assumption with West Bend Mutual, or that Randstad or West Bend Mutual harbored any discriminatory bias on the basis of sexual preference or acted on it. And as Judge Adelman correctly stated, as Iqbal and Twombly tell us, if there is a legitimate, reasonable alternative explanation that's pled in the complaint, the court can take that into consideration. Here, Mr. Olson's own complaint stated a legitimate alternative explanation for why Randstad did not submit his resume to West Bend Mutual. He said, and it's stated in his allegations, not upon information and belief. He's actually citing the text of emails. He was told by Randstad that the account manager he referred to was concerned because West Bend Mutual prefers full-time employees, not consultants who don't work full-time for an employer. And secondly, this was December. He hadn't worked since April, almost nine months. Thank you very much, Mr. Cohen. We appreciate your argument. And Ms. Nelson, we're now going to move to you. May it please the court, Judge Brennan, I'd like to briefly follow up on your question about the state law claims. Yes. As you're aware, appellant in this case alleged ten state law violations in addition to his federal claims. However, appellant has waived these claims consistently and repeatedly throughout the course of this litigation. Most critically at this appellate level, he failed to identify or preserve any of the state law claims in his statement of the issues in his opening brief. And when Randstad and West Bend Mutual pointed this out in response, he again failed to resuscitate any of those state claims in his reply brief. The district court properly exercised supplemental jurisdiction using judicial economy as the basis for considering those state law claims and ultimately dismissing them. In fact, the district court found that the state law claims were so deficient that Rule 11 was cited as part of the decision and the reason for dismissal of those claims. Appellant also should not be given leave to amend his complaint at this point to address his faulty claims. At the district court, again, he failed to amend as a matter of right, and he never requested leave to amend throughout the duration of those proceedings. His attempt to claim, and again here today claim, that the district court denied him leave to amend is just flatly wrong. Finally, the district court dismissed appellant's claims with prejudice. This court, as Attorney Cohen mentioned, has refused to reverse a district court's decision to dismiss with prejudice when the district court provides a reasonable explanation for its decision. Here, again, the district court explained its reasoning, ticking through each of those federal and state law claims, finding that amendment would be futile, and again citing to Rule 11. Under this court's well-established precedent, dismissal with prejudice should be upheld. For all of the reasons stated here today, as well as the reasons set forth in briefing, Ranstad and Westman Mutual respectfully request that this court uphold the decision of the district court and affirm dismissal of all of the allegations with prejudice. Thank you. Thank you, Ms. Nelson. Mr. Olson, we'll now turn back to you for a rebuttal argument. With respect to Attorney Cohen's citing of Twombly or Iqbal, I referred to that in my opening argument, which is those are non-binding precedent. Those were decided by different districts. Iqbal and Twombly are Supreme Court cases. I'm sorry? Iqbal and Twombly are Supreme Court cases. Oh, okay. Thank you for the correction, Your Honor. Iqbal and Twombly, I believe, they both – Twombly involved the Sherman Act, an antitrust cause of action. Iqbal involved the violation of constitutional rights while being confined. I think those cases are distinguishable from a discrimination case, especially when you consider Swanson v. Citibank. Mr. Cohen also referenced Swanson v. PNC, and in that case, that was also decided by this court. The court found it implausible because they found it was impossible for her to be discriminated against because PNC was not responsible for affecting or submitting anything to the credit bureau on which they relied to deny her a loan. So the court found that it's impossible. We relied on your credit score. We don't affect your credit score. The bank didn't. With regard to the appellee's claim that it's impossible to infer age and the complaint doesn't say anything about inferring age, the complaint clearly states that I applied 14 times to West Bend Mutual since 2019. Somebody not being able to look at somebody's resume that states their experience, including their education, when they graduated from college, when they graduated from law school, it's unfathomable that you can't infer, or at least from that, a reasonable age of the person. And they made that argument in district court. It's not believable, Your Honor. The district court, and I still take offense to this, although it may not be relevant, but Attorney Cohen did bring it up, that the district court accused me of being borderline delusional. And I think if you read the district court's opinion, it concludes facts. It takes into consideration the credibility of the parties. It certainly considered alternative explanations in terms of plausibility, all which under Swanson v. Citibank is not to be done. It's not to be done. And the district court did that. I think the district court committed egregious errors, and I think this case will serve to certainly bolster Swanson v. Citibank and make it at least unique in the sense of bringing age discrimination versus racial discrimination. Thank you very much, Mr. Olson. Thank you very much, Mr. Cohen. Thank you very much, Ms. Nelson. The case will be taken under revision. Thank you. Thank you.